UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN W. WILKINS,<br><br>               Plaintiff,<br><br>     v.<br><br>DAVID BAUGHMAN, et al.,<br><br>               Defendants. | No. 2:17-cv-1368 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 31, 2018, the undersigned issued an order granting plaintiff's request to proceed in forma pauperis and screening the complaint. (ECF No. 6.) The undersigned found that the complaint stated potentially colorable retaliation and Eighth Amendment claims against defendants Baughman, Arya, Sahota, Riley, Ramirez, McCarvel and Peterson. (Id.) The undersigned dismissed with leave to amend plaintiff's Equal Protection and conspiracy claims. (Id.)

Instead of filing an amended complaint, on February 12, 2018, plaintiff filed the forms necessary for service of defendants as to those claims found to be potentially colorable in the January 31, 2018 order. (ECF No. 9.)

For the reasons stated herein, the undersigned recommends that plaintiff's in forma pauperis status be revoked and plaintiff be ordered to pay the filing fee.

1

Title 28 U.S.C. § 1915 generally permits any court in the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

On February 1, 2018, in Keenan v. Wilkins, 2: 16-cv-347 KJM KJN P, the Honorable Kimberly J. Mueller granted defendants' motion to revoke plaintiff's in forma pauperis status pursuant to Title 28 U.S.C. § 1915(g).[1] Judge Mueller found that plaintiff had three prior strikes pursuant to Title 28 U.S.C. § 1915(g). For the reasons stated by Judge Mueller in her February 1, 2018 order in 2:16-cv-347, the undersigned finds that plaintiff has three prior strikes in the instant action.

There is an exception to § 1915(g)'s three-strikes bar if the plaintiff "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007); see also Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015) (holding that a prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed). The imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053.

For the reasons stated herein, the undersigned finds that plaintiff does not meet the imminent danger exception. Plaintiff filed the complaint on July 5, 2017. Plaintiff alleged that in in May 2016, defendants at California State Prison-Sacramento ("CSP-Sac") removed a medical

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

hold before he could receive back surgery in violation of his Eighth Amendment right to adequate medical care. Plaintiff alleged that on June 24, 2016, he was transferred to R. J. Donovan Correctional Facility ("RJDCF"). Plaintiff alleges that following his transfer to RJDCF, he did not receive his legal property. Plaintiff alleged that at the time he filed the complaint, he had not received all of his legal property from CSP-Sac.

Plaintiff's claim that he did not have all of his legal property at the time he filed the complaint does not involve a claim alleging imminent danger of serious physical injury. Plaintiff's claims alleging that he did not receive back surgery, and was wrongly transferred to RJDCF in June 2016, does not demonstrate the existence of an imminent danger of serious physical injury when he filed the complaint approximately one year later in July 2017. For these reasons, plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's in forma pauperis status be revoked, and plaintiff be ordered to pay the filing fee of $400 for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wilk1368.rev